**REDACTED COPY**

2:16Mj268

# REDACTED
## AFFIDAVIT IN SUPPORT OF AN APPLICATON FOR CRIMINAL COMPLAINT AND ARREST WARRANT

### INTRODUCTION

I, Robert J. Dyer, being duly sworn, depose and state as follows:

### EXPERIENCE AND TRAINING

1. I, Robert J. Dyer, am a sworn Task Force Officer of the Drug Enforcement Administration (DEA) and have been assigned to the DEA Norfolk Resident Office (NRO) in Norfolk, Virginia since March, 2014.

2. I have also been employed with the Portsmouth Police Department since July 2006 and currently hold the rank of Detective in the Special Investigations Unit (SIU). Since that time, I have participated in numerous state and federal narcotics investigations involving the illegal manufacturing, possession, sale, distribution and importation of controlled substances, as well as the commission of illegal financial transactions designed to conceal drug trafficking proceeds and promote drug trafficking activity. I have completed extensive training emphasizing narcotics investigations and enforcement. As a Task Force Officer of the DEA, I am a sworn investigative law enforcement officer of the United States of America within the meaning of section 2510(7) of Title 18 U.S.C., who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 2516.

3. This affidavit will show probable cause to believe that on May 26, 2016 in the Eastern District of Virginia, NATHANIEL LEE POWELL possessed with the intent to distribute approximately 7 grams of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). This affidavit will also demonstrate probable cause to believe that from in or around the winter of 2014 until May 2016, POWELL distributed more than 100 grams of heroin in the Hampton

Roads region of the Eastern District of Virginia, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B).

4. I make this affidavit based, in part, on personal knowledge derived from my participation in this investigation and, in part, upon information and experience. The sources of my information include, but are not limited to, oral and written reports about this investigation which I received directly or indirectly, from law enforcement officers, public database searches, information from Confidential Sources, cooperating defendants, controlled purchases and post arrest statements made under Miranda directly from POWELL.

5. Since this affidavit is being submitted for the purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts that I believe necessary to establish probable cause to obtain an arrest warrant.

## PROBABLE CAUSE

1. Agents with the DEA and members of the Portsmouth Police Department began investigating POWELL for involvement in the distribution of fentanyl and heroin throughout the City of Portsmouth, Virginia in the Eastern District of Virginia.

2. On May 27, 2016, Detectives with the Portsmouth Police Department's Special Investigations Unit, used a cooperating defendant (CD) to place a telephone call to POWELL at Virginia-based telephone number 757-▮▮▮▮▮▮▮, which was consensually monitored by Detective Alexander. During the telephone conversation, POWELL and the CD discussed the potency of the heroin supplied by POWELL and the price of 7 grams of heroin being $550. POWELL then explained he would have to retrieve the heroin and would meet the CD to conduct the transaction. The CD was able to identify POWELL, who was driving a 2016

2

Chevrolet Malibu displaying Virginia registration ███████. The Portsmouth Police Department SWAT team was utilized to conduct the arrest of POWELL, as information from several confidential sources (CS), the CD, and POWELL's criminal history indicated that POWELL typically carried a firearm and had a high propensity for violence. Furthermore, information indicated POWELL had recently been involved in a homicide and a separate shooting incident in Portsmouth, Virginia.

3. At approximately 6:19 P.M., TFO Dyer observed and identified POWELL occupying the driver's seat of the silver 2016 Chevrolet Malibu bearing Virginia registration ███████ in the vicinity of ███████ Street, Portsmouth, which was the parking lot of the BP gas station. This location was directly across from the location where POWELL agreed to meet the CS and provide the heroin. As Detective Whitson entered the parking lot, it appeared POWELL had been conducting counter surveillance and spotted the unmarked police vehicles. POWELL exited the parking lot and failing to stop at several stop signs. Police emergency equipment was activated and a vehicle pursuit ensued. POWELL dangerously and recklessly travelled at a high rate of speed through several main streets in Portsmouth, and passed a school before he turned into a residential neighborhood. POWELL travelled in excess of 70 mph through residential neighborhoods in an attempt to flee from police. POWELL again failed to stop at the intersection of Amelia Street and King Street causing his vehicle to collide with another motorist. POWELL's vehicle was traveling at such a high rate of speed through the intersection that his vehicle continued through the first collision and into a parked vehicle, which caused three separate collisions with parked vehicles. POWELL was immediately extracted from the vehicle and taken into custody. The injured motorist POWELL struck was taken to Maryview Hospital and treated for her injuries. Detectives observed and collected

approximately 7 grams of suspected heroin from the driver's side floor board. Additionally approximately 7 grams of marijuana, three cellular telephones, and $3,601 was recovered from POWELL's person at the time of his arrest. Detective Smith conducted two field tests of the suspected heroin recovered from POWELL's vehicle. The first field test yielded negative results for heroin. However, the second field test yielded positive results for fentanyl. The recovered items where packaged and placed into the Portsmouth Police Department Property and Evidence Unit. The recovered fentanyl was sent to the Virginia Department of Forensics Sciences for laboratory analysis.

4. At approximately 7:20 P.M., Detective Adams advised POWELL of his Miranda rights and POWELL acknowledged that he understood his rights. POWELL then indicated he wanted to speak with Detectives. During the interview, which was audio recorded, POWELL admitted that he had sold drugs his "entire life" and explained that he had started selling cocaine at a young age. POWELL admitted that upon release from prison in 2005 he continued to sell drugs in Portsmouth, Virginia. POWELL also admitted to purchasing 100 grams of heroin on at least two occasions. POWELL stated, "I buy a lot of work (a reference to the distribution of heroin) man...like 200 grams." POWELL then explained to investigators that he purchased a gram of heroin for $85.00. As the interview continued, POWELL revealed that he preferred not to purchase more than 200 grams at a time because "it's too much work (another reference to the distribution of heroin)." POWELL stated, he distributed an ounce of heroin for $2,800, which produced $400 in profit per ounce. POWELL further confessed he had been involved with distributing heroin since 2013-2014. POWELL explained, he was not aware that he possessed fentanyl but he has been looking for fentanyl to distribute and that during the previous year he had purchased 3.5 grams of fentanyl for $100. Additionally, POWELL admitted that he intended

4

to distribute the narcotics that were recovered from the floorboard of his vehicle following the high-speed pursuit.

5. TFO Dyer obtained recorded jail telephone conversations involving POWELL. During multiple conversations, POWELL admitted to possessing a firearm during the pursuit with police but was able to discard the firearm prior to being apprehended. Police were unable to locate the firearm POWELL admitted to disposing of at the time of his arrest.

6. During the post arrest investigation of POWELL, TFO Dyer discovered several social media postings on a Facebook account identified as "Nate Trapalot Powell" with a photo depicting POWELL. POWELL posted photos of his arrest paper work and made references to Wade Bailey being the cooperator that assisted police. TFO Dyer took a screen shot of several posts POWELL made attempting to obstruct justice: "Wade Bailey Wade Bailey t this is how I know your b*tch ass 12 nicca. Now to wade fbf and fans that nicca 12 aka police." POWELL continued to threaten Bailey in his posts and wrote, " I swear to god on everything I love I'll risk it all to fix ur ass its no way in hell I'm gone let you set me up and disrespect me so don't find yourself on a t-shirt." On another post POWELL wrote "and I know wea u rest ur head if you want 12 I would have been sent the lurkers in there but once again niccas wit badges get passes but anytime u need to c me I can make that happen I don't fucc or hide stop playing my nicca before I lose my morals and involve ppl u love nicca" Based on the context of the written post it is in this affiant's training and experience that POWELL intends to inflict bodily harm to BAILEY and or his loved ones for suspected cooperation with law enforcement.

6

7. Based upon the foregoing, I believe that probable cause exists to charge NATHANIEL LEE POWELL with a violation of Possession with the Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and Conspiracy to Distribute More than 100 Grams of Heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B).

                        Robert J. Dyer, Task Force Officer
                        Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE ME THIS___ DAY OF JUNE, 2016.

                        UNITED STATES MAGISTRATE JUDGE
                        Norfolk, Virginia